UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHYMEL CODIO,

                              Plaintiff,

                                                    **MEMORANDUM & ORDER**
          - against -                                25-CV-7027 (PKC) (TAM)

BAILEY HOUSE INC. and HOUSING
WORKS INC.,

                              Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

    *Pro se* Plaintiff Shymel Codio filed this action against Bailey House Inc. ("Bailey House")

and Housing Works Inc. ("Housing Works") (together, "Defendants"[1]), alleging a violation of his

civil rights.  (*See* Compl., Dkt. 1.)  Plaintiff's request to proceed *in forma pauperis* ("IFP") is

granted.  (*See* IFP Motion, Dkt. 2.)  For the reasons discussed below, Plaintiff's Complaint is

dismissed.

## BACKGROUND

    Although Plaintiff's allegations are somewhat unclear, he appears to assert that on

March 15[2], he was "locked out" and that Bailey House failed to help him.  (Compl., Dkt. 1, at 5.)

Plaintiff then appears to have brought an action against Defendants in Kings County Supreme

---

[1] Housing Works and Bailey House are non-profit organizations that provide supportive
housing, healthcare and advocacy for individuals. *See Press Release*, Hous. Works (Jan. 11, 2019),
https://www.housingworks.org/press/housing-works-and-bailey-house-complete-merger-
creating-one-of-the-largest-providers-of-hiv-aids-housing-primary-care-and-comprehensive-
services-in-new-york-city [https://perma.cc/PF2G-M6KG].  The two entities merged in 2019. *Id.*

[2] Plaintiff does not provide a year.

Court ("state case").    (*See* Exhibit, Dkt. 1-2 (New York Supreme Court Judgment)[3].) On December 17, 2025, upon Defendants' default in the state case, Defendants were directed by the Kings County Supreme Court to reinstate Plaintiff's benefits under his "contractual program agreement." (*Id.*)  For relief in the instant action, Plaintiff seeks housing and monetary damages. (Compl., Dkt. 1, at 6.)

**LEGAL STANDARD**

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although courts assume all allegations in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, courts must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

"Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter." *Jean-Baptiste v. Montway LLC*, No. 22-CV-5579 (PKC) (LB), 2022

---

[3] Plaintiff only provides the judgment, which includes the index number 177/2025. (Exhibit, Dkt. 1-2.)  From this index number, the Court determines that Plaintiff appears to have filed his pleadings in the state case on September 3, 2025.  *See* Pl.'s Pleadings, *Codio v. Bailey House/Housing Works*, No. 177/2025, (N.Y. Sup. Ct. Sep. 3, 2025), Dkt. 3.

WL 11213581, at *1 (E.D.N.Y. Oct. 19, 2022) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000)). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Even under a liberal reading, the Complaint fails to state facts to support either federal question or diversity jurisdiction.

## I.    Federal Question Jurisdiction

Section 1331 provides the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff properly invokes Section 1331 jurisdiction when they plead a colorable claim "arising under" the Constitution or laws of the United States, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006), i.e., when plaintiff's claim "necessarily depends on resolution of a substantial question of federal law," *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004).

Here, Plaintiff seeks to assert a claim for the denial of a federal constitutional right to housing. (*See* Compl., Dkt. 1, at 6.) However, there is no constitutional right to housing. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality . . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Sexton v. Dept. of Homeless Servs.*, No. 24-CV-8895, 2025 WL 1334605, at *5 (S.D.N.Y. May 7, 2025) ("[T]here is no right under the United States Constitution to housing generally (or, for that matter, to safe and sanitary housing specifically)."); *Johnson v. Fudge*, No. 21-CV-9648, 2022 WL 311551, at *2 (S.D.N.Y. Feb. 2, 2022) ("[C]ourts

3

have long held that there is no constitutional right to adequate housing."). Plaintiff does not otherwise allege any plausible facts to suggest he was denied a benefit to which he is entitled "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff thus fails to properly invoke the Court's federal question jurisdiction.

## II.  Diversity Jurisdiction

To invoke the Court's diversity jurisdiction, Plaintiff must allege that the amount in controversy exceeds $75,000 and is non-speculative. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994))); 28 U.S.C.A. § 1332 (requiring for diversity jurisdiction that, *inter alia*, "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs"). Plaintiff must also adequately allege that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *See Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks and citations omitted). Here, Plaintiff has failed to allege any amount in controversy, let alone a non-speculative amount that is above $75,000. Additionally, Plaintiff and Defendants are all citizens of New York and thus not diverse. (*See* Compl., Dkt. 1, at 2.) Plaintiff thus fails to properly invoke the Court's diversity jurisdiction.

## CONCLUSION

The Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction and grants Plaintiff's IFP motion. The Clerk of Court is directed to enter judgment and close this case. The Court would normally not enable electronic notifications without a party's consent, but given the circumstances (Plaintiff's failure to provide a street address, and the

likelihood that Plaintiff lacks a current physical address), the Court adds the email he provided on his Complaint to the docket for the sole purpose of communicating this dismissal order, and relevant appeal information, to him.[4]  Accordingly, the Clerk of Court is directed to include a copy of the appeals packet as attachment to its judgment.

Ordinarily, the Court might grant Plaintiff an opportunity to amend his Complaint. However, the Court does not do so here because, based on Plaintiff's allegations, amendment would be futile.  *See Wimberly v. Atl. Dialysis Mgmt. Servs., LLC*, No. 24-CV-9269 (JPO), 2025 WL 1237546, at *8 (S.D.N.Y. Apr. 29, 2025) ("[A] court need not grant leave to amend when amendment would be futile." (quoting *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011)), *recon. denied*, 2025 WL 1677757 (S.D.N.Y. June 13, 2025), *appeal dismissed* (Sep. 2, 2025); *Lehrman v. Lovo, Inc.*, 790 F. Supp. 3d 348, 388 (S.D.N.Y. 2025) (same).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: February 3, 2026
       Brooklyn, New York

---

[4] Normally, the Court would mail Plaintiff all unreported cases cited in this Order. However, this is not possible given Plaintiff has not provided the Court with an address. Accordingly, should he wish to review the unreported cases cited herein, Plaintiff may come to the courthouse and communicate through the Clerk of Court to Chambers, where the cases will be provided to him free of charge.